UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62393-CIV-COHN/WHITE

MATTHEW D. VAN WAGNER,

    Plaintiff,

v.

PHILIP HORNE,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

**THIS CAUSE** is before the Court upon Plaintiff's Motion for a New Trial [DE 97]. The Court has carefully reviewed Plaintiff's Motion, the supporting Affidavit [DE 98], Defendant's Response [DE 99], and the record in this case, and the Court is otherwise fully advised in the premises.

In this § 1983 action, *pro se* Plaintiff Matthew D. Van Wagner alleges that while he was a pretrial detainee in the custody of the Broward County Sheriff's Office, he was attacked and seriously injured by another detainee in the back of a transport van driven by Defendant Philip Horne. Van Wagner claims that Horne knew of the danger posed by the other detainee and therefore acted with deliberate indifference to Van Wagner's physical safety, in violation of his Fourteenth Amendment due-process rights.

In October 2012, the Court held a three-day jury trial on Van Wagner's deliberate-indifference claim. The jury returned a defense verdict, finding against Van Wagner on every element of his claim. See DE 88. On October 17, 2012, the Court entered a Final Judgment in favor of Horne and against Van Wagner, in accordance with the jury's verdict. See DE 95.

In his present Motion, Van Wagner contends that defense counsel improperly withheld various evidence that Plaintiff had requested in discovery. Van Wagner further asserts that this evidence was introduced at trial and that he was not given adequate time to review the materials beforehand. According to Van Wagner, proper disclosure of this evidence "would have greatly altered the fact finding process by the jury" and therefore "a new trial should be ordered." DE 97 at 3.

"When ruling on a motion for a new trial, a trial judge must determine 'if in his opinion, the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984) (quoting United States v. Bucon Constr. Co., 430 F.2d 420, 423 (5th Cir. 1970)[1] (alteration in original) (internal quotation marks omitted)); see Fed. R. Civ. P. 59(a)(1)(A) (allowing court to grant a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court"). Here, the Court finds that Van Wagner has not presented sufficient grounds for a new trial in this case. Based on the parties' motion papers, as well as the discussion on the record at trial concerning the evidence in question, the Court rejects Van Wagner's claim that defense counsel withheld this evidence from Van Wagner. Further, even if Van Wagner had received the evidence earlier, he has failed to explain how it would have substantially affected the jury's verdict.

The Court also notes that defense counsel was more than fair in his dealings with Van Wagner at trial. For example, counsel provided Van Wagner with various

---

[1] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

documents he requested and allowed Van Wagner to introduce evidence (including certain evidence cited in his new-trial motion) that otherwise may have been inadmissible. More generally, the Court has no doubt that Van Wagner received a fair trial and was given a full opportunity to present his case to the jury. After hearing all the evidence, however, the jury found that Van Wagner had not proven any of the necessary elements of his claim. In these circumstances, no new trial is warranted. Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for a New Trial [DE 97] is hereby **DENIED**.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of December, 2012.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of record via CM/ECF

*Pro se* parties via CM/ECF mail